PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* ALFREDO
PADILLA, Defendant and Appellant.

No. 2608. Decided November 6, 1925.

transcript of the stenographic notes of the evidence into a statement of the
case will not be granted on appeal when the appellant does not exercise his
right in time.

Motion for leave to change a transcript of the evidence into a state-
ment of the case. *Overruled.*

*Rafael Sancho Bonet* for the appellant. *José E. Figueras, Fiscal,*
for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
court.

On August 3, 1925, the transcript containing certified
copies of the information, judgment and notice of appeal
was filed in this case. The appeal was taken on September
24, 1924.

On August 25, 1925, the appellant filed a motion reading
in part as follows:

"That on the day on which the judgment was rendered against
the defendant he appealed to this court. The undersigned attorney
for the defendant agreed with the stenographer of the trial court
upon the amount charged by him for preparing a transcript of the
stenographic record and statement of the case and the said sum was
paid by the accused to the stenographer.

"That some time thereafter the undersigned attorney was in-
formed by the stenographer that a transcript of the evidence had
been filed in the lower court to be sent up to this court as part of
the record on appeal.

"That on or about August 3, 1925, the clerk of the Second Dis-
trict Court of San Juan sent up to this court the transcript of the
record without including therein the transcript of the evidence.

"That the undersigned attorney inquired of the clerk of the
trial court why the transcript of the evidence was not sent up to
this court and the clerk informed him that it was because the law
did not authorize him to send up in criminal cases a transcript of
the evidence instead of a statement of the case.

"For these reasons the undersigned attorney moves this court
to grant him leave to change the transcript of the evidence filed in
the lower court into a statement of the case and file it as such in
this court. . . ."

When the notice of appeal was filed section 356 of the

Code of Criminal Procedure, as amended in 1908 (Comp. 1911), was in force. That section clearly and conclusively prescribes the procedure to be followed. It imposes upon the clerk of the trial court the duty of sending up certain documents, "if any." If the appellant desired a review of the evidence, it was necessary for him to prepare the "statement of facts" or the "bill of exceptions" in the form required by law and jurisprudence and to incorporate them in the record.

Even if the amendment of 1925 to section 356 of the Code of Criminal Procedure, to which we referred in the case of *People* v. *Rivera, ante,* page 681, could be considered applicable, it would appear that the appellant did not exercise his right in time under the terms of said amended section.

In view of the foregoing the appellant's motion should be overruled.

Mr. Justice Wolf took no part in the decision of this case.